Wyatt B. Starks, Ernest L. Starks and Jimmie L. Beach, Appellants, v. Lottie L. Fowler, Individually and as Executrix of Last Will and Testament of Amanda L. Starks, Deceased, Appellee.

Gen. No. 39,950.

Opinion filed June 29, 1938.   Rehearing denied July 12, 1938.

ALBERT G. ROSENBAUM, of Chicago, for appellants; FERDINAND J. KARASEK, of Chicago, of counsel.

HENRY W. KENOE, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiffs bring this appeal from an order entered in the circuit court, on motion of defendant to strike, dismissing their bill of complaint for want of equity.

It appears that a bill was filed by the plaintiffs appellants alleging that a will was made by one Amanda L. Starks, the mother of plaintiffs and the defendant herein, which had been filed in the probate court and had been admitted to probate; that letters testamentary thereon were granted to Lottie L. Fowler, who

was named in said instrument to act as executrix and trustee; that the said Lottie F. Fowler then and there took upon herself the burden of sole executrix and trusteeship of said Amanda L. Starks, deceased.

The bill further alleges that the said will provides that there are five children and that after the debts of the deceased and the debts upon the real estate are paid from the income to be derived therefrom, it is to be divided between her five children, share and share alike; that the deceased was the part owner of two pieces of real estate, namely, 5410 and 5412 Indiana avenue and 4634 Champlain avenue, located in Chicago, Illinois; that the property located at 5410 Indiana avenue is improved with a six flat building covering the entire lot and that the defendant herein is reputed to be the owner of the north half of said lot and that the six flat building located on these premises has one common entrance in the front and in the rear.

The bill further alleges that the property at 4634 Champlain avenue, Chicago, Illinois, is a two-story building consisting of two flats which is unincumbered and that all the property is income bearing; "that by reason of the defendant being the reputed owner of the south one-half of said lot and being in possession and collecting the rents, issues and profits"; that unless a receiver be appointed to collect said rents, issues and profits, plaintiffs herein fear that they will suffer irreparable damage and that the defendant should be enjoined by injunction from collecting any rents, issues and profits, or in any way interfering with the property.

The bill further alleges that the defendant Lottie L. Fowler caused a notice to be served upon the plaintiffs herein, demanding payment of rent for said apartment, and her agents and representatives advised these plaintiffs that they would have to pay rent, or further proceedings would be instituted against them, and plain-

tiffs herein fear that by reason of said written demand and the threats made, that the defendant Lottie L. Fowler, as executrix and trustee of the estate of Amanda L. Starks, deceased, under said purported last will and testament, will carry said threats into execution unless restrained by injunction.

The prayer of the bill asks that said instrument in writing and the probate thereof be set aside and declared null and void as not the last will and testament of the said Amanda L. Starks, deceased; that said instrument be declared a nullity because of its violation of the rule against perpetuities; that the estate of Amanda L. Starks, deceased, be distributed among her heirs according to the law; that the defendant Lottie L. Fowler, her agents and servants be enjoined and restrained by injunction from demanding, interfering, or in any way molesting the plaintiffs herein in the possession of the apartment now occupied by them at 4634 Champlain avenue, Chicago, Illinois, until the further order of the court.

The bill further prays for an injunction restraining the defendant from demanding, interfering or in any way molesting the plaintiffs herein in the possession of the apartment now occupied by them at 4634 Champlain avenue, Chicago, Illinois, until the further order of the court, and be further restrained from collecting the rents, issues and profits from the property located at 5410 Indiana avenue and at 4634 Champlain avenue, Chicago, Illinois, and making any disbursements of any kind until the further order of the court.

The bill further prays that a receiver be appointed to collect the rents, issues and profits from all of the properties located at 5410 Indiana avenue and 4634 Champlain avenue, Chicago, Illinois, with the exception of the apartment now occupied by the plaintiffs herein.

As near as we can gather from the bill of complaint, the clause to which plaintiffs object, is as follows:

"(j)   If the mortgage now existing on the property at 5410 and 5412 Indiana Avenue, Chicago, Illinois, shall not be retired and satisfied in the manner hereinabove provided within ten years from my death, then the Executrix and Trustee is ordered and directed to sell and convert all of my property at the earliest opportunity thereafter provided that in the opinion of the Executrix and Trustee such a sale would not materially prejudice the value of my estate, and shall divide the proceeds realized from such a sale, first, to the payment of any balance then existing on the mortgage on the property located at 5410 and 5412 Indiana Avenue, Chicago, Illinois, and the balance if any, shall be divided equally, share and share alike, between my children named above, and should any of my said children be dead, their share shall be divided between their children, if there be any, if none, divided between their surviving brothers and sisters."

It appears so far as we can gather that the claim is that the so-called will is invalid because of its violation of the rule against perpetuities.   The prayer for relief is rather confusing, as plaintiffs first ask that the instrument in writing purporting to be the last will and testament of Amanda Starks, be declared to be not the last will and testament of the said Amanda Starks.

Plaintiffs do not allege any facts such as undue influence or incompetency by reason of mental or physical disability in making the said will.

It further appears as nearly as we can define from the bill that some of the heirs are in possession of some of the real estate and others are in possession of other parts of the real estate.   We do not fully comprehend plaintiffs' meaning.   If the will is invalid, then the real estate belongs to the heirs and is vested in them as

tenants in common. It is perfectly lawful and it may become the duty of any heir in possession to conserve the property and collect the rents, subject to an accounting therefor to the other heirs, so there is no reason why a court of chancery should interfere on this charge unless it is for the purpose of partitioning the property among the heirs. This relief, however, is not asked. Plaintiffs merely ask that one of the heirs be prevented from doing what plaintiffs themselves are also doing.

We do not think plaintiffs have set out such a cause of action in their complaint as calls for the intervention of a court of equity. There is no offer on the part of the plaintiffs to act equitably to the other heir, defendant herein, and offer payment of any sum which may be found due against plaintiffs. We think the trial court was justified in dismissing the bill of complaint.

Without discussing the legal problem, if any, involved, we think the judgment of the circuit court was correct and for that reason it is hereby affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.